IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


UNITED STATES OF AMERICA,

v.   CASE NO. 4:07cr18-RH

ERIC JAMES MILTON,

    Defendant.

_____/


ORDER DENYING A SENTENCE
REDUCTION UNDER AMENDMENT 750


    The defendant Eric James Milton has moved to reduce his sentence under United States Sentencing Guidelines Amendment 750. This order denies the motion because Mr. Milton was subject to a minimum mandatory sentence in excess of the otherwise-applicable guideline range. Amendment 750 did not lower the guideline range and does not allow a sentence reduction.

I

    The Sentencing Guidelines establish a guideline range for each defendant. The range is based on the defendant's "total offense level" and "criminal history category." The total offense level is based on the defendant's "base offense level"

with increases or decreases based on specific offense characteristics.  For drug offenses, the base offense level ordinarily turns on the type and quantity of drugs properly attributed to the defendant.  *See* U.S. Sentencing Guidelines Manual ("*Guidelines Manual*") § 2D1.1 (2011).

Amendment 750 became effective on November 1, 2011.  The amendment reduced the base offense level for most crack-cocaine offenses.  This came after earlier amendments that also reduced the base offense level for most crack-cocaine offenses.  Amendment 706 became effective on November 1, 2007, and Amendment 715 became effective on May 1, 2008.

II

When the Sentencing Commission adopts an amendment reducing a guideline range, the Commission has express statutory authority—indeed, it may even have a statutory duty—to determine whether and under what circumstances a court will be allowed to apply the amendment retroactively to a sentence imposed prior to the amendment's effective date.  The statute provides:

> If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced.

28 U.S.C. § 994(u).

When the Commission determines that an amendment may be applied retroactively, a court may reduce a sentence, but only under the circumstances and to the extent specified by the Commission. The court may act on its own motion or on motion of a defendant or the Bureau of Prisons. The statute that authorizes a sentence reduction provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

The "applicable policy statements issued by the Commission," within the meaning of § 3582(c)(2), are set out in *Guidelines Manual* § 1B1.10. As set out there, proceedings under § 3582(c)(2) "do not constitute a full resentencing of the defendant." *Guidelines Manual* § 1B1.10(a)(3). Reductions under § 3582(c)(2) thus may be—and most commonly have been—handled on written submissions, without a hearing.

### III

Acting under its § 994(u) authority, the Commission amended *Guidelines Manual* § 1B1.10 to include Amendments 706 and 715 in the list of retroactive amendments. The change took effect in 2008. As of November 1, 2011, the

Commission amended § 1B1.10 to include Amendment 750 in the list of retroactive amendments.

The Commission imposed explicit limits.  First, a court must not make a reduction unless the amendment changed the defendant's guideline range.  *See id.* § 1B1.10(a)(1).  Second, the Commission limited the extent of any reduction.  For a sentence within the original guideline range, a reduced sentence must not be below the low end of the amended guideline range.  *See id*. § 1B1.10(b)(2)(A).  For a sentence that was below the original guideline range as a result of a government motion indicating the defendant provided substantial assistance in the investigation or prosecution of others, a reduction to a sentence "comparably less than the amended guideline range . . . may be appropriate."  *Id.* § 1B1.10(b)(2)(B).  Finally, the reduced term of imprisonment must not be less than any applicable minimum mandatory sentence, *see id*., § 1B1.10, cmt. n.1(A), nor less than the time the defendant has already served, *see id*. § 1B1.10(b)(2)(C).

IV

Mr. Milton was sentenced on August 22, 2007.  He was subject to a statutory minimum mandatory sentence of life imprisonment.  When a defendant is subject to a minimum mandatory sentence in excess of the otherwise-applicable guideline range, the guideline range is the minimum mandatory sentence.  Mr. Milton's range was life.  And it is still life; Amendment 750 did not change this.

Amendment 750 does not authorize a sentence reduction for a person whose guideline range has not been lowered. This is so even if the defendant receives a sentence below the guideline range based on a substantial-assistance motion. *See United States v. Williams*, 549 F.3d 1337 (11th Cir. 2008) (denying a sentence reduction under Amendment 706 for a defendant whose guideline range was based on a minimum mandatory and thus was not lowered). In short, Mr. Milton is not eligible for a sentence reduction.

V

For these reasons,

IT IS ORDERED:

1. The motion for an Amendment 750 sentence reduction, ECF No. 104, is DENIED.

2. The clerk must provide a copy of this order to Mr. Milton himself by mail and to the attorneys of record and the Federal Public Defender through the electronic filing system.

SO ORDERED on August 14, 2012.

s/Robert L. Hinkle
United States District Judge

Case No. 4:07cr18-RH